**MERCURY MOTOR EXPRESS, INC., a Corporation, Tampa, Florida,**

**and**

**Carolina Freight Carriers Corporation, a Corporation, Cherryville, North Carolina, Plaintiffs,**

**v.**

**UNITED STATES of America and the Interstate Commerce Commission, Defendants,**

**and**

**Alterman Transport Lines, Inc., Intervenor.**

**Civ. A. No. 65–419 Civ. T.**

United States District Court
M. D. Florida.

Nov. 16, 1966.

James E. Wharton, of Akerman, Senterfitt, Eidson, Mesmer & Robbinson, Orlando, Fla., and James E. Wilson, of McInnis, Wilson, Munson & Woods, Washington, D. C., for plaintiffs.

Edward F. Boardman, U. S. Atty., Tampa, Fla., for United States of America and Interstate Commerce Commission.

Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., and Watkins & Daniell, Atlanta, Ga., for intervenor.

Before JONES, Circuit Judge, LIEB, Chief Judge, and YOUNG, District Judge.

JONES, Circuit Judge.

The intervenor, Alterman Transport Lines, Inc., made application to the Interstate Commerce Commission for a certificate of public convenience and necessity to carry aluminum products by motor transport from points in Dade and Broward Counties, Florida, to points in Connecticut, Delaware, Georgia, Maryland, New Jersey, New York, North Carolina, Pennsylvania, Rhode Island, South Carolina, Virginia and the District of Columbia. The application was opposed by the plaintiffs, Mercury Motor Express, Inc., and Carolina Freight Carriers Corporation, and by twelve other motor carriers and a railway company. The application was supported by shippers in Dade and Broward counties and by consignees or potential consignees in the states to be served. The hearing

examiner of the Commission recommended that a certificate be issued authorizing transportation from Dade County but not from Broward County, and excluding Massachusetts from the area within which deliveries might be made. The Commission followed the recommendation and a certificate was issued. This action was brought to set aside and annul the order of the Commission.

■ There is a substantial industry in the manufacture of aluminum products in Dade and Broward counties. The prices are lower than those of competing northern manufacturers, and there was evidence showing that the Florida products tend to be of a higher quality. The northern competition is becoming stronger and the industry is developing rapidly in the north. Shippers and consignees who supported the Alterman application testified as to transit times required to retain customers and stated that Alterman could but that the plaintiffs and other protestants did not meet the schedule requirements. It was shown that some shippers had lost business to their northern competitors because of the hauling time involved. A more detailed outline of the factual situation need not be made. The examiner's findings and conclusions are annexed to the Commission's decision and order. Alterman Transport Lines, Inc., Extension-Aluminum, Eastern States, 100 M.C.C. 765. The examiner and the Commission found that the existing service was inadequate. The conclusion was reached that the public interest required the issuance of a certificate. The findings are adequately supported by the evidence and justify the conclusion that the certificate should issue. The Commission acted within the scope of the functions committed to it by Congress. The record discloses no departure by the Commission from the requirements of the law nor any abuse of the discretion which is vested in it. See United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821.

■ The plaintiffs urge that the granting of the certificate to Alterman would not only divert traffic from them of aluminum products from Florida to northern points but would also reduce their southbound shipments and increase the preexisting unbalanced traffic flow. This is a factor to be considered and it was considered by the Commission. It is not the only factor that is to be put into the balance when the public benefit is to be determined. The Commission held that the need for the service which Alterman undertook to furnish outweighed the effect of the loss of traffic and revenue to the plaintiffs and other carriers. We cannot say that the Commission was wrong.

Other matters raised by the plaintiffs have been considered and are found to be without merit. The relief sought by the plaintiffs is denied, the order of the Interstate Commerce Commission here under review is affirmed and the action is dismissed. An appropriate judgment will be entered. This opinion will constitute the findings and conclusions of the court.